IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EAGLE STAR GROUP, INC.,**       )<br>                                                          )<br>            **Plaintiff,**              )<br>                                                          )<br>**v.**                                                 )<br>                                                          )<br>                                                          )<br>**R.J. AHMANN COMPANY, et al.**  )<br>                                                          )<br>            **Defendants.**          )<br>_____ ) | CIVIL ACTION<br><br>No. 06-2430-CM |

## MEMORANDUM AND ORDER

Plaintiff Eagle Star Group, Inc., brings this breach of contract and negligence action against R.J. Ahmann Company; CRC Insurance Services, Inc.; WKF&C Agency, Inc.; XL Environmental; and Indian Harbor Insurance Company. This matter is before the court on defendants R.J. Ahmann, CRC, and WKF&C's ("moving defendants") Joint Motion to Dismiss, or Alternatively, Joint Motion to Transfer Venue (Doc. 25).

**I.    Factual Background**

Plaintiff manages Stone Oak Apartments in Independence, Missouri. In November 2003, Robin McElroy filed a lawsuit against plaintiff for injuries she received at Stone Oak Apartments. Pursuant to plaintiff's insurance agreement, plaintiff submitted the lawsuit to defendants for litigation defense. Plaintiff was assured that defendants were defending the lawsuit. But, on December 31, 2003, a final default judgment was entered against plaintiff in the amount of $369,000. After default was entered, defendant XL Environmental denied insurance coverage for the *McElroy* lawsuit. Plaintiff filed this lawsuit against defendants, seeking damages for their failure to procure insurance and their failure to defend the *McElroy* lawsuit.

According to the record, plaintiff and the moving defendants are currently engaged in a lawsuit ("Missouri lawsuit") in the United States District Court, Western District of Missouri, Western Division ("Western District"). Defendants XL Environmental and Indian Harbor Insurance Company are not parties to the Missouri lawsuit. The claims in the Missouri lawsuit arise from the moving defendants' failure to defend plaintiff in the *McElroy* lawsuit. Plaintiff sought leave to amend the Missouri lawsuit to add the claims asserted in this lawsuit and to add defendants XL Environmental and Indian Harbor Insurance Company as defendants, but United States District Judge Fernando J. Gaitan denied plaintiff's motion because it was untimely. Plaintiff filed this lawsuit the day after Judge Gaitan denied its motion to amend.

## II.    Legal Standard

The moving defendants request that the court transfer this case to the Western District pursuant to 28 U.S.C. § 1404(a). Under § 1404(a), the court may transfer a case to another district or division where the case may have been brought "for the convenience of the parties and witnesses" and in the "interest of justice." 28 U.S.C. § 1404(a). The decision to transfer is within the court's discretion. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). When determining whether to transfer a case, the court considers the following factors:

> plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516 (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)). The

moving party bears the burden of establishing that the existing forum is inconvenient. *Id.* at 1516. And "[p]laintiffs' choice of forum is afforded 'great weight.'" *Winters v. Comair Aircraft, Inc.*, No. 07-2003-KHV, 2007 WL 1299164, at *1 (D. Kan. May 3, 2007). Additionally, the court to which the case is being transferred must have jurisdiction. *Chrysler Credit Corp.,* 928 F.2d at 1515.

### III.   Discussion

The moving defendants allege and plaintiff does not dispute that the Western District would have subject matter jurisdiction over this case and personal jurisdiction over defendants. The parties recognize that due to the close physical proximity of this court and the Western District, most of the factors are neutral—the inconvenience to witnesses, congested dockets, conflicts of laws, and the advantages of having a local court determine questions of local law. Plaintiff focuses on its choice of forum, arguing that its choice of forum should control when the other factors are neutral. Defendants also focus on plaintiff's choice of forum, but argue that it weighs in favor of transfer. Defendants also argue that judicial convenience and economy support transferring this case to the Western District.

Generally, the court will not disturb plaintiff's choice of forum unless the balance weighs strongly in favor the movant. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Plaintiff contends that it chose this court as its forum, and thus, the case should remain here. Plaintiff downplays that it originally attempted to bring nearly identical claims in the Western District—in the Missouri lawsuit—and that it did not choose to file these claims in this court until after Judge Gaitan denied plaintiff's untimely request to bring the claims in the Western District. Moreover, plaintiff does not, and could not, contend that the Western District would be an inconvenient forum, as it tried to bring these claims there. Plaintiff's reliance on its choice of forum is disingenuous. Based on plaintiff's apparent attempt to circumvent Judge Gaitan's order denying its request to bring

these claims in the Western District, the court does not believe that plaintiff's choice of forum weighs in favor of this court retaining the case.

Even if plaintiff's second choice of forum was not intended to avoid Judge Gaitan's ruling, the final factor—all other considerations of a practical nature that make a trial easy, expeditious and economical—weigh in favor of transferring this case. This lawsuit and the Missouri lawsuit are substantially similar. They both arise from the alleged failure of defendants to obtain insurance for plaintiff and to defend the *McElroy* lawsuit. And plaintiff seeks the same damages in both lawsuits. Although not all of the evidence is identical, much of it overlaps. Judicial resources and the parties' time and money will be saved by litigating this lawsuit in the same district as the Missouri lawsuit.

After applying the factors to the facts of this case, the court finds that it would be in the interest of justice, as well as convenient, for this case to be transferred to the Western District. Because the court has determined that this lawsuit should be transferred, it will not consider the moving defendants' motion to dismiss; the pending motion to dismiss is denied as moot.

**IT IS THEREFORE ORDERED** that defendants' R.J. Ahmann, CRC, and WKF&C's Joint Motion to Dismiss, or Alternatively, Joint Motion to Transfer Venue (Doc. 25) is sustained in part and denied as moot in part. Under 28 U.S.C. § 1404(a), the Clerk is directed to transfer this matter to the United States District Court, Western District of Missouri, Western Division at Kansas City.

Dated this 10th day of July 2007, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**